Conyngham, P. J.
The single question is whether the neglect to have summons served till the day before the meeting of the arbitrators will invalidate the proceedings in arbitration. It is conceded that the rule was entered and the arbitrators chosen before the service of the summons by the Sheriff
Repeated decisions construing the Act of March 20, 1310, 5 Sm. Laws 130 justified the service of the rule before the summons. The language of that act is in other respects different *525 from our present act; yet the commissioners to revise the code, in their report evidehtly seem to consider it in this respect the same. They refer’to no alterations, but simply say it is taken from the 1st section of the Act of 1810 ; where they consider that there is any substantial change made, they invariably notice it in their report, and usually attach the reason for the alteration. The Act of June 16th, 1836, P. Laws 719, requires the previous filing of a declaration or statement, but stipulates for no other condition, than that it is to be a civil suit or action; See 2 Troubat & Haly, 606, 607; Flanegan vs. Negley, 3 S. & R. 498. Judge Duncan in the last case says it is to be considered “an action” from the time it is commenced; if such be the meaning of the language of the present statute the rule may be entered immediately after the issuing of the summons.
This would seem to have been the intention of the commissioners ; such a construction agrees with the decisions under the former act, and we find no such variance in words as to lead to a different conclusion. Under the old act, the right to arbitrate was given “in all civil suits or actions pending or which may hereafter be brought, &c.,” though it was also said the rule might be entered “at any time after the entry of such suits or actions ;” in the new act, every thing is omitted after the words “civil suit or action.” By the first act the rule was only authorized in an existing suit or action, but it was also said that the rule might be entered, after the entry of such suit, &c., thus declaring it to be an existing suit after such entry or commencement. The new act omits everything after the words “civil suit or action,” merely intending to require that there shall be an existing suit. As soon as it is entered, it in fact is so according to the opinion of Judge Duncan in Flanegan vs. Negley, supra; the commissioners evidently thought it was unnecessary to re-introduce the explanatory and in fact tautological words of the former act, when the same result was arrived at by the already adopted words, construed by previously reported decisions of the Supreme Court. Does it not follow then, that in an act clearly by implication intended to be the same with the former act, the omission of words used merely as explanatory, will not change the meaning of this latter act.
The rule in this case is discharged.